UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| COLLEEN NICHAIRMHAIC : | |
| : | |
| Plaintiff, : | CIVIL ACTION NO. |
| : | 3:13-CV-01184 (JCH) |
| v. : | |
| : | |
| STEVEN DEMBO, CAMPBELL BARRETT, : | December 4, 2013 |
| KENNETH SAVINO AND JOHN DOE I-III : | |
| Defendants. : | |

**RULING RE: DEFENDANT BARRETT'S MOTION TO DISMISS (Doc. No. 14); DEFENDANT DEMBO'S MOTION TO DISMISS (Doc. No. 15); DEFENDANT BARRETT'S MOTION TO STRIKE AMENDED COMPLAINT (Doc. No. 24); DEFENDANT DEMBO'S MOTION TO STRIKE AMENDED COMPLAINT (Doc. No. 28)**

**I.     INTRODUCTION**

Plaintiff Colleen NiChairmhaic brings this suit against defendants Steven Dembo, Campbell Barrett, Kenneth Savino and John Doe I-IV, alleging in Count I of her original Complaint intentional infliction of emotional distress, in Count II, tortious interference with business and contract, in Count III, violation of due process, and in Count IV, discrimination.  See Complaint ("Compl.") (Doc. No. 1).  In her Amended Complaint, she further alleges in Count I abuse of process, malicious prosecution, vexatious litigation, obstruction of justice under title 18 of the United States Code, section 1503, and mail fraud under title 18 of the United States Code, section 1341.  See Amended Complaint ("Am. Compl.") (Doc. No. 22) at ¶¶ 22-30.  Count II of the Amended Complaint sounds in various interferences with her rights under the United States Constitution.  Id. at ¶¶ 31-54.

Before the court are Barrett's Motion to Dismiss (Doc. No. 14), Dembo's Motion to Dismiss (Doc. No. 15), Barrett's Motion to Strike Amended Complaint (Doc. No. 24), and Dembo's Motion to Strike Amended Complaint (Doc. No. 28).

1

## II.     FACTUAL AND PROCEDURAL BACKGROUND

The present action began on August 17, 2013, when NiChairmhaic filed this suit against the named defendants. On October 14, 2013, she filed an Amended Complaint. Am. Compl.[1] Barrett and Dembo are attorneys who represented Savino during divorce proceedings he brought against NiChairmhaic. Id. at ¶ 2. NiChairmhaic and Savino reached a settlement agreement. Id. at ¶ 30. NiChairmhaic claims that, during these proceedings, Dembo and Barrett "ridiculed, harassed, humiliated, threatened, attacked and/or attempted to financially devastate Plaintiff in response to her attempts to separate from Savino." Id. at ¶ 11. She further claims that Dembo and Barrett intentionally interfered with her business relationship in New York City, which resulted in lost earning and employability. Id. at ¶ 18. She claims that the attorneys mass emailed complaints and allegations and filed over one hundred pleadings, all intended to interfere with her business relationships. Id. at ¶¶ 12,14. She also claims that Dembo and Barrett filed grievances against her in order to interfere with her employment. Id. at 13. NiChairmhaic also alleges that Barrett and Dembo conspired to have her arrested and deported. Id. at 15. Further she alleges that Barrett and Dembo conspired with the other defendants to destroy her personal property, including artwork, in order to inflict emotional distress on her. Id. at ¶ 17.

In her original Complaint, NiChairmhaic also alleges that, due to intentionally "bullish behavior" by Dembo and Barrett, she sustained severe stress which caused her to accept less than fifty percent of her own property entitlements and to lose decision

---

[1] There are differences between the original Complaint and Amended Complaint. Because NiChairmhaic is a pro se litigant, the court will liberally read them together in order to give the strongest effect to the allegations.

making authority over her child.  Compl. at ¶¶ 15-16.  She further alleges that this behavior continued after the divorce judgment was entered into.  Id. at 17.  Finally, she has alleged that "her face was slashed" in connection with the events surrounding this dispute.  Id. at ¶ 48.

On September 13, 2013, Barrett filed a Motion to Dismiss seeking to dismiss all counts for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  On September 18, 2013, Dembo similarly filed a Motion to Dismiss seeking to dismiss all counts for failure to state a claim under Rule 12(b)(6).  On October 14, 2013, NiChairmhaic filed an Amended Complaint against all defendants.  On October 21, 2013, Barett filed a Motion to Strike this Amended Complaint under Rule 12(f) of the Federal Rules of Civil Procedure.  Finally, on October 25, 2013, Dembo similarly filed a Motion to Strike this Amended Complaint under Rule 12(f).

### III.    STANDARD OF REVIEW

Upon a motion to dismiss pursuant to Rule 12(b)(6), the court must determine whether a plaintiff has stated a legally cognizable claim by making allegations that, if true, would show he is entitled to relief.  See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 557 (2007) (interpreting Rule 12(b)(6), in accordance with Rule 8(a)(2), to require allegations with "enough heft to 'sho[w] that the pleader is entitled to relief'").  The court takes the factual allegations of the complaint to be true, Hemi Group, LLC v. City of New York, 130 S. Ct. 983, 986-87 (2010) and, from those allegations, draws all reasonable inferences in the plaintiff's favor.  Fulton v. Goord, 591 F.3d 37, 43 (2d Cir. 2009).

To survive a motion pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v.

Twombly, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  Iqbal, 129 S. Ct. at 1949 (2009) (quoting Twombly, 550 U.S. at 556).

The plausibility standard does not impose an across-the-board, heightened fact pleading standard.  Boykin v. KeyCorp, 521 F.3d 202, 213 (2d Cir. 2008).  The plausibility standard does not "require[ ] a complaint to include specific evidence [or] factual allegations in addition to those required by Rule 8."  Arista Records, LLC v. Doe 3, 604 F.3d 110, 119 (2d Cir. 2010); see Erickson v. Pardus, 551 U.S. 89, 94 (2007) (holding that dismissal was inconsistent with the "liberal pleading standards set forth by Rule 8(a)(2)").  However, the plausibility standard does impose some burden to make factual allegations supporting a claim for relief.  As the Iqbal court explained, it "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.  A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do.  Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement."  Iqbal, 129 S. Ct. at 1949 (citations and internal quotations omitted).  Under the Second Circuit's gloss, the plausibility standard is "flexible," obliging the plaintiff "to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible."  Boykin, 521 F.3d at 213 (citation omitted); accord Arista Records, 604 F.3d at 120.

Further, pro se complaints "must be construed liberally and interpreted to raise the strongest arguments that they suggest." Triestman v. Federal Bureau of Prisons, 470 F.3d 471, 474 (2d Cir.2006) (emphasis in original, quotation omitted). "[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation and citation omitted). The Second Circuit has observed that, "even after Twombly, dismissal of a pro se claim as insufficiently pleaded is appropriate only in the most unsustainable of cases." Boykin v. KeyCorp, 521 F.3d 202, 216 (2d Cir.2008). Where a pro se complaint must be dismissed due to a pleading deficiency, the court should generally provide leave to amend. Watts v. Services for the Underserved, 309 F. App'x 533, 535 (2d Cir.2009) ("[W]here the ground for dismissal is quite narrow and the plaintiff appears pro se, it was error to enter judgment . . . rather than permitting plaintiff at least one chance to cure a pleading defect."); Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795 (2d Cir.1999) ("Certainly the court should not dismiss without granting leave to amend at least once when a liberal reading of the [pro se] complaint gives any indication that a valid claim might be stated.").

### IV.   DISCUSSION

#### A.   Motions to Strike Amended Complaint

Defendants have correctly noted that, under Federal Rules of Civil Procedure 15 (a)(1)(B), a party has twenty-one days to file an amended complaint after a responsive pleading. NiChairmhaic filed her Amended Complaint on October 14, 2013. This was thirty-one days after Barrett's Motion to Dismiss was filed on September 13, 2013, so NiChairmhaic could not file an amended complaint as a matter of right. Under Rule 15 (a)(2), a plaintiff may amend her complaint with the opposing party's permission, the

court's leave, or when justice so requires. Because Ni Chiarmhaic is pro se, the court concludes that she did make attempts to attain the court's leave to amend her complaint.

In her Opposition to Barrett's Motion to Dismiss, NiChairmhaic asked the court to "[g]rant Plaintiff the opportunity to amend the summons and complaint to conform the pleadings to the facts." Plaintiff's Opposition to Defendant Barrett's Motion to Dismiss (Doc. No. 19) at 21. This request for leave was made on September 29, 2013, which was within the twenty-one day limit. As such, the court will grant NiChairmhaic's leave to amend and will consider her Amended Complaint for purposes of this action. Because NiChairmhaic is appearing pro se, the court will still consider the claims in her original Complaint that she did not fully include in her Amended Complaint.

  B. Federal Question Claims

For the reasons set out below, all of NiChairmhaic's claims asserting a violation of federal rights are dismissed for failure to state a claim upon which relief can be granted.

    1. Violation of the Due Process Clause (Count III Original Complaint)

Count III of NiChairmhaic's original complaint alleges a violation of the Due Process Clause of the United States Constitution. Because NiChairmhaic is appearing pro se, the court will construe her claim to allege a violation under title 42 of the United States Code, section 1983, which is "available as a vehicle for remedying . . . constitutional violations." Chan v. City of New York, 1 F.3d 96, 103 (2d Cir. 1993). The Second Circuit has made clear that "[a] plaintiff pressing a claim of violation of his constitutional rights under § 1983 is thus required to show state action." Tancredi v.

Metro. Life Ins. Co., 316 F.3d 308, 312 (2d Cir. 2003).[2]  This must be done by establishing that "the conduct allegedly causing the deprivation of a federal right be fairly attributable to the State."  Lugar v. Edmondson Oil Co., Inc., 457 U.S. 922, 937 (1982).  State action can be shown when:

> (1) the entity acts pursuant to the "coercive power" of the state or is "controlled" by the state ("the compulsion test"); (2) when the state provides "significant encouragement" to the entity, the entity is a "willful participant in joint activity with the [s]tate," or the entity's functions are "entwined" with state policies ("the joint action test" or "close nexus test"); or (3) when the entity "has been delegated a public function by the [s]tate," ("the public function test").

Sybalski v. Indep. Group Home Living Program, Inc., 546 F.3d 255, 257 (2d Cir. 2008) (citing to Brentwood Acad. v. Tenn. Secondary Sch. Ath. Ass'n, 531 U.S. 288, 296 (2001)).  Due to the requirement of state action, "the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful."  American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999) (internal quotations omitted) (quoting Blum v. Yaretsky, 457 U.S. 991, 1002 (1982)).

Here, NiChairmhaic has not alleged that any state actors were involved with the actions taken against her in this case.  See Compl., Am. Compl.  She has also not alleged that any of the defendants in this case acted under color of state law.  Id.  Barrett and Dembo are not government attorneys.  "[T]he Courts of Appeals are agreed that a lawyer representing a client is not, by virtue of being an officer of the court, a state actor "under color of state law" within the meaning of § 1983."  Polk Cnty. v. Dodson, 454 U.S. 312, 318 (1981).  Thus, Barrett and Dembo are not state actors.

---

[2] As further discussed later, NiChairmhaic also cannot make out a claim under title 42 of the United States Code section 1853 (3). See Section (IV)(B)(5), infra.

Defendants' actions, even construing all the allegations as true, cannot serve as a basis for a violation of NiChairmhaic's right to due process, because there are no plausible allegations that they are state actors or acted under color of state law. Further, NiChairmhaic has not alleged that any state actors were involved to create a cognizable conspiracy. "To state a claim against a private entity on a section 1983 conspiracy theory, the complaint must allege facts demonstrating that the private entity acted in concert with the state actor to commit an unconstitutional act." Ciambriello v. County of Nassau, 292 F.3d 307, 324 (2d Cir. 2002) (quoting Spear v. Town of West Hartford, 954 F.2d 63, 68 (2d Cir. 1992)). Because she has not alleged that a state actor was involved, NiChairmhaic has failed to state a claim upon which relief can be granted. Therefore, the defendants' Motions to Dismiss are granted as to NiChairmhaic's claims of violation of due process.

        2.      Discrimination (Count IV Original Complaint)

Count IV of NiChairmhaic's original complaint alleges discrimination based on her national origin and sex as well as retaliation for "speaking up about the abuse." Compl. at 47. Even after liberally construing the plaintiff's Complaint and Amended Complaint, the court agrees with Dembo that there is no cognizable statute or case law that creates a cause for discrimination or retaliation based on the facts alleged by NiChairmhaic. Defendant's Memorandum of Law in Support of Motion to Dismiss (Doc. No. 15-1) at 17.

In her Reply Memorandum, NiChairmhaic has argued that her claim rests on section 241 of title 18 of the United State Code, Conspiracy Against Rights. Section 241 is a criminal statute, however, and the Second Circuit has held that it does not create a private cause of action. Powers v. Karen, 768 F. Supp. 46, 51 (E.D.N.Y.

1991), aff'd, 963 F.2d 1522 (2d Cir. 1992) ("Similarly, plaintiff's various conspiracy claims under Title 18 are baseless. Finally, because sections 241 and 242 do not provide for a private right of action, plaintiff's reliance on them is misplaced."). A private claim for discrimination cannot, therefore, be based on section 241. Because of this, NiChairmhaic has failed to state a claim upon which relief can be granted. Defendants' Motions to Dismiss are granted as to NiChairmhaic's claim of discrimination.

### 3. Violation of the Equal Protection Clause

Dembo is correct to note that, although NiChairmhaic has not specifically pled an equal protection count, she has alleged violations of the equal protection clause throughout her complaint. Similar to due process claims, claims for a violation of the equal protection clause are brought under title 42 of the United States Code, section 1983. Chan, 1 F.3d at 103 (section 1983 "may be available as a vehicle for remedying violations of federal statutes as well as constitutional violations."). As more fully set forth above, because NiChairmhaic has not alleged that any of the defendants were state actors, her claim under section 1983 fails to state a claim upon which relief may be granted. See Section (IV)(B)(1) supra. Therefore, the defendants' Motions to Dismiss as to any violation of the equal protection clause are granted.

### 4. Violations of 18 USC §1503 and 18 USC § 1341 (Count I Amended Complaint)

NiChairmhaic has also alleged a violation of sections 1503 and 1341 of title 18 of the United States Code. However, she has failed to state a claim upon which relief can be granted, because neither of these sections creates a private right of action.

Although the Second Circuit has not addressed the question of whether section 1503 creates a private right of action, decisions from other circuits are uniform in

denying a private civil right of action under section 1503.  See Moldowan v. City of Warren, 578 F.3d 351, 391 (6th Cir. 2009) (concerning section 1503); Hanna v. Home Ins. Co., 281 F.2d 298, 303 (5th Cir. 1960) (same); Odell v. Humble Oil & Refining Co., 201 F.2d 123, 127 (10th Cir. 1953) (same).

Section 1503 is a criminal statute and provides no civil remedies.  When determining whether a criminal statute implies that there is a private right of action, "the dispositive question is whether Congress intended to create a private right of action," and courts "are to be especially reluctant to imply a private right of action where the statute explicitly provides a different remedy."  Alaji Salahuddin v. Alaji, 232 F.3d 305, 308 (2d Cir. 2000) (citations omitted) (internal quotations omitted).  The remedy in section 1503 is a criminal penalty, and clearly not any sort of private right of action.  That, combined with the strong case law from other circuits that did not find a private right of action contemplated in section 1503, convinces the court that the Second Circuit would follow its fellow circuits in holding that there is no private right of action under section 1503.  Therefore, NiChairmhaic has not stated a claim upon which relief can be granted under section 1503.  Thus, defendants' Motions to Dismiss are granted as to any claim sought to be asserted under section 1503.

The Second Circuit has held that section 1341 does not create a private right of action.  "First, it alleged the claim ar[ose] under the provisions of . . . the Mail Fraud Act, 18 U.S.C. §§ 1341 and 1343 (1982), although the acts do not provide a private right of action."  Official Publications, Inc. v. Kable News Co., 884 F.2d 664, 667 (2d Cir. 1989).  Because there is no private right of action provided under section 1341, NiChairmhaic has not stated a claim upon which relief can be granted under section 1341.  Therefore,

the court grants defendants' Motions to Dismiss as it pertains to any claim under section 1341.

      5.    Other Federal Claims (Count II Amended Complaint)

NiChairmhaic has also alleged a general conspiracy by the defendants to deprive her of her constitutional rights. See Am. Compl. at ¶¶ 31-54. Although she has not pled it, her statutory vehicle for pursuing these rights would be section 1983. As stated more fully above, in order to allege a conspiracy under section 1983, a state actor must be involved. See Section (IV)(A)(1), supra. Because NiChairmhaic has not alleged the involvement of any state actors, she has not alleged a claim upon which relief can be granted.

A plaintiff may bring a claim under title 42, United States Code, section 1985(3) alleging a private conspiracy to interfere with civil rights that does not involve state action. Griffin v. Breckenridge, 403 U.S. 88, 102 (1971) (holding that there must be "some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action. The conspiracy, in other words, must aim at a deprivation of the equal enjoyment of rights secured by the law to all."). To allege a claim under this section, a plaintiff:

> must allege that defendants did (1) 'conspire or go in disguise on the highway or on the premises of another' (2) 'for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws.' It must then assert that one or more of the conspirators (3) did, or caused to be done, 'any act in furtherance of the object of (the) conspiracy,' whereby another was (4a) 'injured in his person or property' or (4b) 'deprived of having and exercising any right or privilege of a citizen of the United States.'

Griffin, 403 U.S. at 102-03. NiChairmhaic has alleged that a conspiracy exists based on the defendants' desire to gain money. In her Amended Complaint she makes reference

to defendants' actions being based on a desire to make more money.  See Am. Compl at ¶¶ 6, 38, 45-46.  The Supreme Court has held that such motivation cannot support a section 1985(3) cause of action.  "We thus cannot construe § 1985(3) to reach conspiracies motivated by economic or commercial animus."  United Broth. Of Carpenters and Joiners of America, Local 610, AFL-CIO v. Scott, 463 U.S. 825, 838 (1983).  Because NiChairmhaic has claimed that the conspiracy was economically motivated and involved an economic animus, she has failed to allege a claim upon which relief can be granted.  Further, "the pleading requirements for alleging a conspiracy are stringent and must be substantiated."  Powers, 768 F. Supp. at 51, aff'd, Powers v. Karen, 963 F.2d 1522 (2d Cir. 1992); see also Thomas v. Roach, 165 F.3d 137, 147 (2d Cir. 1999) ("[A] plaintiff alleging a conspiracy under § 1985(3) must allege, with at least some degree of particularity, overt acts which defendants engaged in which were reasonably related to the promotion of the claimed conspiracy.").  Here, NiChairmhaic has merely alleged in a conclusory fashion that the defendants were involved in a conspiracy.  See Am. Compl. at ¶ 21.  She has not alleged any facts that would substantiate that claim based on this stringent standard.

NiChairmhaic has also alleged, although not as a specific count in her Amended Complaint, a civil violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO").  To state a civil claim under RICO, a plaintiff:

> must allege the existence of seven constituent elements: (1) that the defendant (2) through the commission of two or more acts (3) constituting a "pattern" (4) of "racketeering activity" (5) directly or indirectly invests in, or maintains an interest in, or participates in (6) an "enterprise" (7) the activities of which affect interstate or foreign commerce.

Moss v. Morgan Stanley Inc., 719 F.2d 5, 17 (2d Cir. 1983) (quoting 18 U.S.C. § 1962 (a)–(c) (1976).  Here, NiChairmhaic has failed to allege that the defendants were

12

engaged in "racketeering activity," were involved in an "enterprise," or that their activities affected "interstate or foreign commerce." Because of these deficiencies in both her Complaint and Amended Complaint, defendants' Motions to Dismiss are granted as to any civil RICO claim.

    C.    State Law Claims

Having dismissed all of NiChairmhaic's claims arising under federal law, the court now turns to NiChairmhaic's state law claims. NiChairmhaic invokes the jurisdiction of the court under section 1332 of title 28. In order to invoke the court's diversity jurisdiction under section 1332, it is well settled that a plaintiff must allege that there is complete diversity between defendants and herself. "The general rule requiring complete diversity between opposing parties is explicit and unequivocal." International Shipping Co., S.A. v. Hydra Offshore, Inc., 875 F.2d 388, 391 (2d Cir. 1989). Further, "diversity of citizenship must be apparent from the pleadings." John Birch Soc. v. National Broadcasting Co., 377 F.2d 194, 197 (2d Cir. 1967). "The burden of persuasion for establishing diversity jurisdiction, of course, remains on the party asserting it." Hertz Corp. v. Friend, 559 U.S. 77, 96 (2010).

For the purposes of diversity jurisdiction, "district courts shall not have original jurisdiction . . . of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State." 28 U.S.C. § 1332(a)(2). A "domicile" is "the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." Palazzo ex rel. Delmage v. Corio, 232 F.3d 38, 42 (2d Cir. 2000) (quoting Linardos v. Fortuna, 157 F.3d 945, 948 (2d Cir. 1998)).

13

In her original Complaint and her Amended Complaint, NiChairmhaic claims that she is a citizen of Ireland.  Compl. at ¶ 1; Am. Compl. at ¶ 1.  She has also alleged that she "maintains an address at 64-13 Woodside Ave., Woodside, Queens, New York, NY 11377 as well as rent[s] an apartment at 48-308 Avonwood Road, Avon, Connecticut 06001."  Id.  By listing two addresses, NiChairmhaic has not made where she is domiciled clear to the court.  "At any given time, a person has but one domicile." Palazzo ex rel. Delmage, 232 F.3d at 42.  Because NiChairmhaic has not specified where she is domiciled, her citizenship is not "apparent from the pleadings," and the court cannot determine whether complete diversity exists between the parties.  Thus, the court gives NiChairmhaic fifteen days to replead her Amended Complaint to establish with sufficient facts where she is domiciled.

## V.   Conclusion

The defendants' Motions to Strike Amended Complaint (Doc. Nos. 24, 28) are denied.  The defendants' Motions to Dismiss (Doc. Nos. 14, 15) are granted in part as to all federal claims.  The Motions to Dismiss the state law claims remain, pending NiChairmhaic's response to the court's Order to replead her citizenship, as that word is used in section 1332.  If NiChairmhaic fails to replead to plausibly allege that she is not domiciled in Connecticut, the court will decline to exercise supplemental jurisdiction and will dismiss the remaining state law claims.

**SO ORDERED.**

Dated at New Haven, Connecticut this 4th day of November, 2013.

　　　　　　　　　　　　　　　　　　　　　　　/s/ Janet C. Hall　　　　　　
　　　　　　　　　　　　　　　　　　　　　Janet C. Hall
　　　　　　　　　　　　　　　　　　　　　United States District Judge