UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| COLLEEN NICHAIRMHAIC,<br>    Plaintiff, | : <br> : <br> : | CIVIL ACTION NO.<br>3:13-CV-01184 (JCH) |
| v. | : <br> : | |
| STEVEN DEMBO et al.,<br>    Defendants. | : <br> : | MAY 19, 2014 |

**RULING RE: DEFENDANTS' MOTIONS TO DISMISS (Doc. Nos. 42, 43 & 44)**

**I.   INTRODUCTION**

Plaintiff Colleen Nichairmhaic brings this suit against defendants Campbell Barrett, Steven Dembo, Kenneth Savino, and John Doe I-IV, alleging intentional infliction of emotional distress, abuse of process, malicious prosecution, vexatious litigation, and tortious interference with business.  See Second Amended Complaint ("Sec. Am. Compl.") (Doc. No. 41).  Barrett and Dembo are attorneys who represented Savino during divorce proceedings that he brought against Nichairmhaic.  Sec. Am. Compl. at ¶ 20.  Savino and Nichairmhaic entered into a Marital Settlement Agreement on March 25, 2013.  Savino Aff. at ¶ 5.

Before the court are Barrett's Motion to Dismiss (Doc. No. 42), Dembo's Motion to Dismiss (Doc. No. 43), and Savino's Motion to Dismiss (Doc. No. 44).  For the reasons set forth below, defendants' Motions to Dismiss are **GRANTED**.

**II.   PROCEDURAL BACKGROUND**

On August 17, 2013, Nichairmhaic filed this suit against the named defendants, alleging in Count I of her original Complaint intentional infliction of emotional distress, in Count II, tortious interference with business and contract, in Count III, violation of due process, and in Count IV, discrimination.  See Compl. (Doc. No. 1).  On October 14,

1

2013, Nichairmhaic filed an Amended Complaint against all defendants, further alleging in Count I abuse of process, malicious prosecution, vexatious litigation, obstruction of justice under section 1503 of title 18 of the United States Code, and mail fraud under section 1341 of title 18 of the United States Code, and, in Count II, various interferences with her rights under the United States Constitution. See Am. Compl. (Doc. No. 22).

On September 13, 2013, Barrett filed a Motion to Dismiss seeking to dismiss all counts for failure to state a claim upon which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure. See Def. Barrett's Motion to Dismiss (Doc. No. 14). On September 18, 2013, Dembo also filed a Motion to Dismiss all counts for failure to state a claim pursuant to Rule 12(b)(6). See Def. Steven Dembo's Mot. to Dismiss (Doc. No. 15).

On December 4, 2013, reading the original and Amended Complaint together, this court dismissed Nichairmhaic's federal claims and held that the Motions to Dismiss the state law claims remained, pending Nichairmhaic's response to the court's Order to replead her citizenship, as that word is used in section 1332 of title 28 of the United States Code. See Ruling Re: Def. Barrett's Mot. to Dismiss; Def. Dembo's Mot. to Dismiss; Def. Barrett's Mot. to Strike Am. Compl.; Def. Dembo's Mot. to Strike Am. Compl. (Doc. No. 40).

In response to the court's Order to replead citizenship, Nichairmhaic filed a Second Amended Complaint on December 18, 2013. See Sec. Am. Compl. (Doc. No. 41). In her Second Amended Complaint, Nichairmhaic, a citizen of Ireland, alleges that she became a Legal Permanent Resident in New York, in 2004. Sec. Am. Compl. at ¶¶ 1, 2. While Nichairmhaic maintains residences in both Connecticut and New York, she

alleges that she has maintained primary residency status in New York for over two years. Id. at ¶ 2. She claims that she maintains an apartment and vehicle in Connecticut because her minor child resides and attends school there, and that defendant Savino assists with the rental payments for this apartment. Id. at ¶ 13; Opp'n to Mot. to Dismiss of Def. Savino at ¶ 5. Nichairmhaic alleges that she "has only ever worked and paid taxes in New York and has not had an income or paid taxes in any other State in the last thirteen years." Sec. Am. Compl. at ¶ 3. Nichairmhaic further alleges that she works as a New York attorney and is not admitted to practice in any other state. Id. at ¶ 4. Nichairmhaic claims that she maintains a bank account in New York, id. at ¶ 5, has a phone number with a New York area code, id. at ¶ 6, and purchased a dog in New York in 2013 with New York veterinary insurance, id. at ¶ 9. Nichairmhaic serves as Vice President of the Emerald Association of Long Island[1] and states that she is a member of the New York State Trial Lawyers Association. Id. at ¶ 8. Although Nichairmhaic stayed with defendant Savino in his home in Connecticut from April 2009 through July 2011, id. at ¶ 12, she alleges that she has spent the majority of her time in New York since the parties separated, id. at ¶ 11.

The defendants have moved to dismiss this action pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction.[2] The

---

[1] See also Opp'n to Mot. to Dismiss of Def. Savino Ex. D (Doc. No. 50-4).

[2] On December 19, Barrett filed a Motion to Dismiss for lack of subject matter jurisdiction. See Def. Barrett's Mot. to Dismiss (Doc. No. 42). On December 30, 2013, Dembo also filed a Motion to Dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted, adopting in full all arguments, pertaining to subject matter jurisdiction, raised by co-defendant Barrett in his Motion to Dismiss and Memorandum of Law in Support. See Def. Steven Dembo's Mem. of Law in Supp. of Mot. to Dismiss at 1, 4 (Doc. No. 43-1). On December 31, 2013, Savino similarly filed a Motion to Dismiss seeking to dismiss all counts for lack of subject matter jurisdiction and for failure to state a claim. See

defendants argue that this action cannot be maintained in federal court on account of a lack of complete diversity between the parties.  See Defs.' Motions to Dismiss (Doc. Nos. 42, 43 & 44).  The defendants contend that Nichairmhaic is not domiciled in New York and is in fact a citizen of Connecticut.  See id.  According to the defendants, Nichairmhaic's primary residence is in Avon, Connecticut, where she has a tenancy interest in her apartment.  See Barrett Mem. of Law in Supp. of Mot. to Dismiss at 3-6 ("Barrett Mem. in Supp."); Def. Savino's Mem. of Law in Supp. of Mot. to Dismiss Pl.'s Sec. Am. Compl. at 9 ("Savino Mem. in Supp.").  Nichairmhaic has no property interest in her New York address because it is owned by her aunt and uncle.  See Savino Aff. at ¶ 13, Ex. N (Doc. No. 46).

Furthermore, Nichairmhaic asserted her Connecticut residence to the Connecticut Superior Court during the dissolution proceedings of her marriage to defendant Savino.  See Savino Mem. in Supp. at 8; Barrett Mem. in Supp. at 3.  For instance, Barrett contends that Nichairmhaic's claims are contradicted by statements she made in relation to the matrimonial litigation in the Connecticut Superior Court.  See Barrett Mem. in Supp. at 3.  First, Barrett notes that the Connecticut Judicial Branch website lists Nichairmhaic's Connecticut address in the case detail for Savino v. Savino, Docket No. HHD-FA11-4057497.  Id.  Second, Barrett highlights that Nichairmhaic has sought unsuccessfully to relocate to New York with the minor child.  Id.  Third, Barrett points to several statements Nichairmhaic made during the state court proceedings, several of which were made under oath, which indicate that Nichairmhaic considered her Connecticut address to be her primary address.  Id. at 3-5.  Nichairmhaic also

---

Def. Savino's Mot. to Dismiss Pl.'s Second Am. Compl. (Doc. No 44).  The defendants' Motions to Dismiss Nichairmhaic's Second Amended Complaint are presently before the court.

entered into a Marital Settlement Agreement with Defendant Savino, under which she agreed to a shared parenting plan and to not remove the minor child from Hartford County without an agreement or court order.  See Savino Aff. at ¶ 6;[3] Barrett Mem. in Supp. at 4.  Nichairmhaic and Savino's Marital Settlement Agreement further requires Nichairmhaic to undergo counseling with Wendy Habelow, Ph.D, whose office is located in Avon, Connecticut.  Barrett Mem. in Supp. at 4; Savino Aff. Ex. F at ¶ v (Doc. No. 46).

Defendants further point to other facts that indicate that Nichairmhaic is a citizen of Connecticut, not New York.  For instance, despite Nichairmhaic's claim that she is employed as an attorney in New York, financial affidavits dated March 2013 and November 2013 state that she is not employed.  See Savino Aff. at ¶ 4 ,9; Barrett Mem. in Supp. at 5.  Nichairmhaic is also affiliated with Atlantian Films, LLC, located in Avon, Connecticut.  See Savino Mem. in Supp. at 9; Barrett Mem. in Supp. at 5-6.  Moreover, contrary to Nichairmhaic's assertion that she has not paid taxes in any state other than New York, Sec. Am. Compl. at ¶ 3, Nichairmhaic filed a Connecticut state income tax return dated March 21, 2011 and provided her Connecticut address on her federal joint tax return, see Savino  Mem. in Supp. at 10.   Savino also maintains that Nichairmhaic owns a vehicle registered in Connecticut, Savino Aff. at ¶ 10,[4] and submits a copy of a check dated April 18, 2013 that lists Nichairmhaic's Avon, Connecticut address, Savino Aff. Ex. F (Doc. No. 46).

---

[3] Savino submitted a copy of the Marital Settlement Agreement dated March 25, 2013.  See Savino Aff. Ex. B (Doc. No. 46).

[4] See also Savino Aff. Ex. M (Doc. No. 46).

### III. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(b)(1), a case must be dismissed for lack of subject matter jurisdiction "when the district court lacks the statutory or constitutional power to adjudicate it." Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000). In determining whether to dismiss for lack of subject matter jurisdiction, "a court must accept as true all material factual allegations in the complaint." Shipping Fin. Servs. Corp. v. Drakos, 140 F.3d 129, 131 (2d Cir. 1998) (citing Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)). However, "jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it." Id. (citing Norton v. Larney, 266 U.S. 511, 515 (1925)). In assessing a Rule 12(b)(1) motion, a court "may resolve the disputed jurisdictional fact issues by referring to evidence outside of the pleadings, such as affidavits, and if necessary, hold an evidentiary hearing." Zappia Middle E. Const. Co. Ltd. v. Emirate of Abu Dhabi, 215 F.3d 247, 253 (2d Cir. 2000).

However, the court holds a pro se complaint "to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citation and internal quotation marks omitted). Therefore, because Nichairmhaic proceeds pro se, the court must construe the Complaint liberally and interpret Nichairmhaic's submissions "to raise the strongest arguments that they *suggest.*" Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (emphasis in original, citation and internal quotation marks omitted).

### IV. DISCUSSION

In the present case, the defendants' Motions to Dismiss hinges on the resolution of a jurisdictional issue of fact: whether Nichaimhaic is a citizen of New York or

Connecticut.  It is well settled that a federal court has diversity jurisdiction over an action only where there is complete diversity between the parties.  See Int'l Shipping Co., S.A. v. Hydra Offshore, Inc., 875 F.2d 388, 391 (2d Cir. 1989).  The parties do not dispute that the defendants are citizens of Connecticut. Therefore, if Nichairmhaic is a citizen of Connecticut, this action must be dismissed; however, if Nichairmhaic is a citizen of New York, the court must deny the defendants' Motions to Dismiss for lack of subject matter jurisdiction.

For the purposes of diversity jurisdiction, "district courts shall not have original jurisdiction . . . between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State." 28 U.S.C. § 1332(a)(2).  The Second Circuit has defined "domicile" as "'the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning.'" Palazzo ex rel. Delmage v. Corio, 232 F.3d 38, 42 (2d Cir. 2000) (quoting Linardos v. Fortuna, 157 F.3d 945, 948 (2d Cir.1998).  Although a person may have more than one residence, "[a]t any given time, a person has but one domicile." Id.; see also Mississippi Band of Choctaw Indians v. Holyfield, 490 U.S. 30, 48 (1989).

Diversity is determined "at the time the action is commenced." Linardos, 157 F.3d at 947.  The party seeking to invoke the court's diversity jurisdiction bears the burden of proving by a preponderance of the evidence the existence of complete diversity.  McNutt v. Gen. Motors Acceptance Corp. of Indiana, 298 U.S. 178, 189 (1936). "'That party must allege a proper basis for jurisdiction in his pleadings and must support those allegations with "competent proof" if a party opposing jurisdiction properly

7

challenges those allegations.'"  Universal Licensing Corp. v. Paola del Lungo S.p.A., 293 F.3d 579, 581 (2d Cir. 2002) (quoting Linardos, 157 F.3d at 947).

"Where, as here, there is evidence that the parties have more than one residence, or the residence is unclear, the court should focus on the intent of the parties."  Hicks v. Brophy, 839 F. Supp. 948, 950 (D. Conn. 1993) adhered to on reconsideration, 841 F. Supp. 466 (D. Conn. 1994) (citing National Artists Management Co., Inc. v. Weaving, 769 F.Supp. 1224, 1227 (S.D.N.Y.1991)).  In determining a party's intent, a court "must examine the entire course of a person's conduct in order to draw the necessary inferences as to the relevant intent."  Id. at 950-51 (internal citation and quotation marks omitted).  Although "'[t]he party's own statements concerning his intentions are relevant . . . they are of slight weight when they come into conflict with other facts that tend to disclose a contrary intent.'"  Id. at 951 (quoting National Artists, 769 F.Supp. at 1227–28).

In ascertaining intent, the court reviews the "'totality of the evidence'" and considers multiple factors.  Id.  While no single factor can conclusively establish a party's domicile, relevant factors include where the person is employed, exercises her civil and political rights, pays personal taxes, maintains bank accounts, obtained a driver's license, and maintains real and personal property.  Id.  Additionally, the court may consider "whether the person owns or rents his place of residence, how permanent the residence appears, and the location of a person's physician, lawyer, accountant, dentist, stockbroker, etc."  Id. (citing National Artists, 769 F.Supp. at 1228).

Nichairmhaic has failed to present evidence sufficient to demonstrate that her domicile is in New York.  While she alleges that she maintains her primary residence in

New York, is employed as an attorney in New York, maintains a bank account in New York, and pays income taxes in New York, see Sec. Am. Compl. at ¶¶ 2-5, she has failed to support these factual allegations with "competent proof," Universal Licensing, 293 F.3d at 581.  The court notes that Nichairmhaic has failed to submit evidence that is easily accessible to her in support of her claims, such as photocopies of a New York lease agreement, income tax returns, pay stubs and W-2s, or bank account information.[5]  Rather, she concedes that she maintains a vehicle and an apartment in Connecticut.[6]   Opp'n to Mot. to Dismiss of Def. Savino at ¶ 5.  Although Nichairmhaic submits evidence that she is affiliated with a New York, non-profit organization,—i.e. was involved in a fund-raising dinner—this factor alone is not compelling on the question of domicile.  See id. at ¶ 8; Opp'n to Mot. to Dismiss of Def. Savino Ex. D (Doc. No. 50-4).

On the other hand, defendants have presented evidence of statements Nichairmhaic made during the course of proceedings in the Connecticut Superior Court,[7] which contradict Nichairmhaic's aforementioned claims that she was domiciled in New York at the time this action commenced, on August 17, 2013.  See generally, Savino Mem. in Supp.; Savino Aff.; Barrett Mem. in Supp.  The defendants have further

---

[5] Furthermore, Nichairmhaic does not even claim that her primary care physician is located in New York or that she has a title interest and/or mortgage in her New York residence.

[6] Although Savino was awarded full custody of the minor child in December 2013 and Nichairmhaic contends that she only maintains a residence in Connecticut due to the shared parenting plan, this is immaterial as to the question of Nichairmhaic's domicile in this case because Savino and Nichairmhaic had shared custody of the child when this action commenced in August 2013.  See Sec. Am. Compl. at ¶ 13.

[7] Savino and Nichairmhaic entered into a Marital Settlement Agreement on March 25, 2013. Savino Aff. at ¶ 5.

demonstrated that Nichairmhaic is affiliated with a Connecticut organization, Savino Mem. in Supp. at 9; Barrett Mem. in Supp. at 5-6; is required to attend counseling sessions in Connecticut, Barrett Mem. in Supp. at 4; Savino Aff. Ex. F at ¶ v (Doc. No. 46); and does not have a property interest in her New York residence, see Savino Aff. at ¶ 13, Ex. N (Doc. No. 46).  In light of the totality of the evidence presented, the court concludes that Nichairmhaic has failed to show that her domicile is in New York, and thus this court lacks diversity jurisdiction in this case.

## V. CONCLUSION

For the reasons set forth above, the court **GRANTS** defendants' Motions to Dismiss.

**SO ORDERED.**

Dated at New Haven, Connecticut this 19th day of May, 2014.

          /s/ Janet C. Hall
Janet C. Hall
United States District Judge